Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed initiated act. I rejected three proposed popular name and ballot title submissions for similar measures due to ambiguities in the texts of those measures. See Ops. Att'y Gen. 2000-120, -135 and -138. You have made changes to your measure and submit the following proposed popular name and ballot title for my certification:
 Popular Name TAX ON CERTAIN FOOD ITEMS USED FOR PURPOSE OF SCHOLARSHIPS Ballot Title AN ACT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED TO BE IMMEDIATELY DEPOSITED IN THE ARKANSAS SCHOLASTIC TRUST FUND BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION; TO PROVIDE FOR THE CREATION OF THE ARKANSAS SCHOLASTIC TRUST FUND TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE WITH FIFTY PERCENT OF THE INVESTED EARNINGS BEING USED FOR UNIVERSITY AND COLLEGE TUITION PAYMENTS; TO PROVIDE THE STATE BOARD OF FINANCE TO RECEIVE, MANAGE AND INVEST THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED SHALL BE DEPOSITED IN A TRUST ACCOUNT TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE FROM THE STATE TREASURY TO BE KNOWN AS THE "ARKANSAS SCHOLASTIC TRUST FUND"; TO PROVIDE FOR THE EXEMPTION OF THE CASH FUNDS OF THE ARKANSAS SCHOLASTIC TRUST FUND FROM NORMAL BUDGETING AND APPROPRIATIONS OF A.C.A. SECTION 19-4-803; TO PROVIDE QUALIFICATIONS FIRST TO THOSE WITH THE LOWEST TOTAL AMOUNT BY ADDING AN INDIVIDUAL'S INCOME AND THE AMOUNT OF TUITION AFTER DEDUCTION OF OTHER EDUCATIONAL GRANTS, SCHOLARSHIPS AND OTHER ASSETS FOR PERSONS TO RECEIVE FULL TUITION PAYMENTS FROM THE ARKANSAS SCHOLASTIC TRUST FUND TO UNIVERSITIES AND COLLEGE WITHIN THE STATE; TO PROVIDE THIS ACT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THIS ACT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ITEMS INCLUDED IN THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ANY ITEMS HEREAFTER EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" SHALL BE DEPOSITED IN THE ARKANSAS SCHOLASTIC TRUST FUND; TO PROVIDE THIS ACT SHALL NOT AFFECT ANY TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701; TO PROVIDE THIS ACT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL FROM THIS ACT; TO PROVIDE FOR REPEAL OF LAWS AND PARTS OF LAWS IN CONFLICT WITH THIS ACT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that your popular name is sufficient and it is hereby certified as submitted. In my judgment, however, a more suitable, complete, and correct ballot title should be substituted for that proposed. The following ballot title is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title AN ACT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH CERTAIN EXCEPTIONS NOTED BELOW; REQUIRING THE IMMEDIATE DEPOSIT OF SUCH MONEYS IN THE ARKANSAS SCHOLASTIC TRUST FUND, A TRUST FUND CREATED AS A PUBLIC TRUST SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. § 19-4-803 TO EXEMPT THE ARKANSAS SCHOLASTIC TRUST FUND FROM THE REQUIREMENT OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE TRUST FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. §§ 24-3-408; -414; -415; -417 TO -425 AND A.C.A. § 19-3-518; REQUIRING SUCH INVESTMENTS AND EARNINGS TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE TRUST FUND AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS OF THE FUND TO COMPENSATE SUCH PROFESSIONALS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE FIFTY PERCENT (50%) OF THE PREVIOUS ANNUAL INVESTMENT EARNINGS FROM THE TRUST FUND FOR SCHOLARSHIPS, OF WHICH 40% SHALL BE DISTRIBUTED FOR THE FALL SESSION OF CLASSES, 40% FOR THE WINTER SESSION, AND 20% FOR THE SUMMER SESSION; REQUIRING REDEPOSIT IN THE TRUST FUND OF INVESTMENT EARNINGS NOT USED FOR SCHOLARSHIPS OR EXPENSES OF ADMINISTRATION; PROVIDING FOR APPLICATIONS FOR SCHOLARSHIPS TO BE SUBMITTED TO THE STATE BOARD OF FINANCE FOR SCHOLARSHIPS TO ANY UNIVERSITY OR COLLEGE WITHIN THE STATE; REQUIRING THE APPLICATION TO STATE THE FULL AMOUNT OF TUITION COSTS FOR THE CHOSEN UNIVERSITY OR COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS OR SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL, THE INDIVIDUAL'S EARNED GROSS INCOME FROM THE PREVIOUS YEAR, AND THE BALANCE OF ANY INDIVIDUAL AND JOINT BANK ACCOUNTS; SETTING THE DEADLINES FOR FILING APPLICATIONS AS NOT MORE THAN 90 WORKING DAYS, NOR LESS THAN 15 WORKING DAYS PRIOR TO: THE LAST DAY OF AUGUST FOR THE FALL SESSION OF CLASSES, THE LAST DAY OF DECEMBER FOR THE WINTER SESSION, AND THE LAST DAY OF MAY FOR THE SUMMER SESSION; REQUIRING DISTRIBUTION OF FULL-TUITION SCHOLARSHIPS TO ANY UNIVERSITY OR COLLEGE IN THE STATE FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR TOTAL GROSS INCOME; REQUIRING THE STATE BOARD OF FINANCE TO DEDUCT THE TOTAL AMOUNT OF THE PERSON'S INDIVIDUAL BANK ACCOUNTS OVER THE AMOUNT OF $1,500 FROM THE TUITION PAYMENT RECEIVED; REQUIRING THE STATE BOARD OF FINANCE TO DEDUCT 50% OF THE TOTAL AMOUNT OF THE PERSON'S JOINTLY HELD BANK ACCOUNTS OVER THE AMOUNT OF $3,000 FROM THE TUITION TO BE RECEIVED; PROHIBITING THE BOARD FROM MAKING ANY PAYMENT FOR ANY PERSON TO RETAKE ANY FAILED UNIVERSITY OR COLLEGE CLASS; REQUIRING THE BOARD TO NOTIFY APPLICANTS OF THE AMOUNT OF THEIR PAYMENT AND MAKE SUCH AMOUNT PAYABLE TO THE UNIVERSITY OR COLLEGE NOT MORE THAN 15 WORKING DAYS AFTER THE FINAL DATE FOR SUBMISSION OF AN APPLICATION; PROVIDING THAT THIS ACT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT" OR THE STATE AND LOCAL GROSS RECEIPTS TAX ON ITEMS INCLUDED IN THE "ARKANSAS SOFT DRINK TAX ACT;" REQUIRING STATE AND LOCAL GROSS RECEIPTS SALES TAX ON ANY ITEMS HEREAFTER EXCLUDED FROM THE ARKANSAS SOFT DRINK TAX ACT TO BE DEPOSITED IN THE TRUST FUND; PROVIDING THAT THIS ACT SHALL NOT AFFECT ANY TAX ON PREPARED RESTAURANT FOODS UNDER A.C.A. § 26-75-601 TO -618 AND A.C.A. § 26-75-701; PROVIDING THAT THIS ACT SHALL NOT AFFECT ANY TAX ON ALCOHOLIC BEVERAGES; MAKING THE ACT SEVERABLE AND REPEALING INCONSISTENT LAWS TO THE EXTENT OF THE CONFLICT; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure